IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JOHNNY BRANTLEY, GARY EDWARD FLETCHER, ROBERT M. POU, and BRANNON STUART, individually and on behalf of others similarly situated ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION FILE NO. |
| VS. ) ) | **COMPLAINT** JURY DEMANDED |
| FERRELL ELECTRIC, INC., JAMES N. FERRELL, and CHRISTIE C. FERRELL ) ) ) ) | FAIR LABOR STANDARDS ACT – OVERTIME COLLECTIVE ACTION |
| Defendants. ) | |

Plaintiffs, JOHNNY BRANTLEY, GARY EDWARD FLETCHER, ROBERT M. POU, and BRANNON STUART by way of their Complaint in the above captioned matter, would allege and show unto this Honorable Court the following:

Introduction

1. This is a civil representative action brought by Named Plaintiffs JOHNNY BRANTLEY ("BRANTLEY") GARY EDWARD FLETCHER ("FLETCHER"), ROBERT M. POU ("POU"), and BRANNON STUART ("STUART"), (collectively "Plaintiffs" or "Named Plaintiffs"), in both their individual and representative capacities against defendants FERRELL ELECTRIC, INC., JAMES N. FERRELL, and CHRISTIE C. FERRELL; (collectively "Defendants").

2. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

("FLSA").

3. Plaintiffs and other similarly situated employees who are, or were, employed by Defendants aver that Defendants willfully failed and/or refused to pay straight time and overtime compensation to Plaintiffs and other similarly situated employees who were, or are, employed by Defendants, in violation of the FLSA.

4. Plaintiffs and other similarly situated employees who are or were employed by Defendants also aver that Defendants' failure and/or refusal to pay overtime compensation to them was both intentional and willful and was not in good faith.

5. Defendants told Plaintiffs and all other similarly situated employees that Defendants did not have to pay overtime or straight time for certain of Plaintiffs' activities.

6. Defendants failed to properly disclose or apprise Plaintiffs and all other similarly situated employees of their rights under the FLSA, as required by FLSA and regulations thereunder, 29 C.F.R. § 516.4.

7. Defendants did not provide any posting about the Fair Labor Standards Act in the workplace or about workers' rights to overtime pay as required by FLSA and regulations thereunder, 29 C.F.R. § 516.4.

8. The Defendants intentionally misled and deceived Plaintiffs about their rights to overtime wages under the FLSA.

9. The Defendants intentionally hired employees who were not informed of their legal rights to overtime wages.

10. The statute of limitations should be tolled due to the Defendants' deceptive and FLSA- noncompliant conduct.

Jurisdiction and Venue

11. This Court has jurisdiction over the claims presented pursuant to 29 U.S.C. § 216. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action is based on unpaid overtime compensation under the FLSA.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Defendants have their principal place of business in Columbia County, Georgia and the acts complained of in this Complaint occurred in Columbia County, Georgia; other counties in Georgia; and other counties in South Carolina.

Parties

13. BRANTLEY is a resident of McDuffie County, Georgia, and is a proper plaintiff in this matter as he was an employee who was employed as the terms are defined by 29 U.S.C. § 203.  FLETCHER is a resident of Burke County, Georgia, and is a proper plaintiff in this matter as he was an employee who was employed as the terms are defined by 29 U.S.C. § 203.  POU is a resident of AIKEN County, South Carolina, and is a proper plaintiff in this matter as he was an employee who was employed as the terms are defined by 29 U.S.C. § 203.  STUART is a resident of Aiken County, South Carolina, and is a proper plaintiff in this matter as he was an employee who was employed as the terms are defined by 29 U.S.C. § 203.

14. FERRELL ELECTRIC, INC.  ("FERRELL ELECTRIC") is a corporation organized and existing under the laws of the State of Georgia, and it maintains an office in Columbia County, Georgia, from which it regularly conducts business, including, but not limited to calculating payroll; analyzing the immigration status of

employees; issuing paychecks to its employees; and undertaking personnel, financial, and day-to-day business decisions. FERRELL ELECTRIC is and has been at all times material herein an employer as that term is defined by 29 U.S.C. § 203.

15. JAMES N. FERRELL A/K/A JIMMY FERREL ("FERRELL") is and has been an officer and owner of FERRELL ELECTRIC, and at all times material herein, actively engaged in the management and direction of employees, including the Plaintiffs, and employee pay matters, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to Plaintiffs. FERRELL is and has been at all times material herein an "employer" within the meaning 29 U.S.C. § 203. FERRELL is a resident of Columbia County, Georgia. CHRISTIE C. FERRELL ("CHRISTIE FERRELL") is and has been an officer and owner of FERRELL ELECTRIC, and at all times material herein, actively engaged in the management and direction of employees, including the Plaintiffs, and employee pay matters, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to Plaintiffs. CHRISTIE FERRELL is and has been at all times material herein an "employer" within the meaning 29 U.S.C. § 203. CHRISTIE FERRELL is a resident of Columbia County, Georgia.

16. At all times material hereto, Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

17. Defendants are an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the FLSA, in that Defendants are for profit businesses which have gross volume of sales in excess of $500,000 per annum and has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; as such terms are defined in the FLSA.  Defendants are employers subject to the jurisdiction of the FLSA.

18. At all times herein mentioned, the acts and omissions of the Defendants, concurred in and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein.

19. At all times herein mentioned, the Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

20. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

21. At all times material hereto, Plaintiffs were individually engaged in interstate commerce.

Factual Allegations

22. On or about January 13, 2009, BRANTLEY began working full time for Defendants as an electrician.  On or about September 8, 2009, FLETCHER began working full time for Defendants as an electrician.  On or about July 11, 2011, POU began working full time for Defendants as an electrician.  On or about August 15, 2012, STUART began working full time for Defendants as an electrician.

23. BRANTLEY was initially paid $13.00 per hour.   FLETCHER was initially paid $12.00 per hour.   POU was initially paid $15.00 per hour.   STUART was initially paid $8.50 per hour.

24. BRANTLEY, FLETCHER, POU, and STUART recorded their time worked for

Defendants using a paper time sheet.

25. BRANTLEY, FLETCHER, POU, and STUART were often suffered or required to work more than the eight hours each day.

26. During BRANTLEY's, FLETCHER's, POU's, and STUART's employment with Defendants, they routinely worked over (40) forty hours per week for Defendants.

27. Defendants did not pay BRANTLEY, FLETCHER, POU, or STUART straight time and overtime pay for all the straight time and overtime hours they worked for Defendants.

28. Defendants have failed to pay BRANTLEY, FLETCHER, POU, and STUART overtime pay for work performed over forty hours in a given work week.

29. BRANTLEY's employment with Defendants ended on April 13, 2013. FLETCHER's employment with Defendants ended on May 25, 2011. POU's employment with Defendants ended on July 6, 2012. STUART's employment with Defendants ended on July 25, 2013.

Class Action Allegations

30. This action is currently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for owed overtime wages, liquidated damages, attorneys' fees, and costs under the FLSA.

31. In addition to the Plaintiffs named herein, the Defendants failed to properly pay straight time and overtime to numerous current and former employees who are similarly situated to the Plaintiffs named herein, in that Plaintiffs and such similarly situated employees suffered similar violations of the FLSA from Defendants failure to

properly pay straight time and overtime.

32. Plaintiffs named herein bring this representative action on behalf of themselves and all other similarly situated employees and/or former employees ("Uncompensated Employees") pursuant to 29 U.S.C. § 216(b). The cohort of Uncompensated Employees that Plaintiffs seek to represent is defined as follows: All of Defendants' present and former non-exempt employees who were caused to sustain damages or who will sustain damages because they were not paid straight time and/or overtime.

33. The precise number of Uncompensated Employees and their addresses are unknown to Plaintiffs. These employees may be identified from Defendants' records, and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

34. There is a well-defined community of interest in the questions of law and fact involved in this case which affect all Uncompensated Employees. Questions of law and fact common to Uncompensated Employees include, but are not limited to, the following: a. Whether Defendants failed to pay Plaintiffs and other Uncompensated Employees straight time and overtime wages that were legally due and owing to them pursuant to FLSA; b. Whether Plaintiffs named herein and other Uncompensated Employees are entitled to the relief prayed for below; and c. The proper measure of the Plaintiffs' and Uncompensated Employees' damages.

35. There is no apparent benefit to be derived from maintaining this action individually by Plaintiffs or each putative class member. Plaintiffs and Uncompensated Employees share similar backgrounds, work skills, damage claims, and work environment. Therefore each individual case will be substantively similar and better maintained as a class action.

36. This is the third action commenced in this matter by any member of the class.

37. Once a class is established, Named Plaintiffs foresee little difficulty in managing such a class action. Named Plaintiffs and Uncompensated Employees share similar background, and employment identities, all of which will make the maintenance of this action as a class action eminently achievable.

38. Wherefore, for the foregoing reasons, Named Plaintiffs seek certification of the instant matter as a class action pursuant to 29 U.S.C. § 216(b).

## Count I Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq.
### (Collection of Wages)

39. Named Plaintiffs incorporate the allegations above as though fully alleged herein.

40. Pursuant to 29 U.S.C. § 216(b), Named Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action.

41. Plaintiffs, at all times pertinent hereto, have been non-exempt employees within the meaning of the FLSA and the implementing rules and regulations of the FLSA.

42. Plaintiffs never supervised employees with Defendants.

43. Plaintiffs never exercised independent judgment or discretion on the job with Defendants.

44. The Defendants violated 29 U.S.C. § 207 by failing to pay the Named Plaintiffs and others similarly situated at an hourly rate equal to the regular hourly rate at which they were employed for all compensable time they were employed below forty hours in each work week and an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in

excess of forty (40) hours in each workweek.

45. In particular, Defendants failed to pay straight time and overtime compensation for all hours worked by Plaintiffs resulting from their compensable time spent returning to the Defendants' place of business at the end of each work day.  Additionally, Defendants failed to pay straight time and overtime compensation for all hours spent by Plaintiffs resulting from their compensable time spent loading, unloading, cleaning, and maintaining Defendants' work trucks at the beginning and end of each work day

46. The Defendants' failures to pay the Named Plaintiffs and others similarly situated the federally mandated straight time and overtime wage rate, are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. As a consequence of the Defendants' violations of the FLSA, the Plaintiffs and others similarly situated are now entitled to recover their unpaid overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

48. Through the actions alleged above, the Defendants failed and/or refused to pay to the Plaintiffs and similarly situated employees straight time and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

49. The actions of the Defendants were taken with willful disregard for the rights of the Plaintiffs and similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

50. As a result of the Defendant's unlawful conduct, the Plaintiffs and all similarly situated employees suffered a loss of wages.

51. For violations of Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., 29 U.S.C. § 216(b) allows Plaintiffs and all similarly situated employees to recover from

Defendants, in addition to any judgment awarded, an additional equal amount as liquidated damages. Title 29 U.S.C. § 216(b) further provides that Plaintiffs and all other similarly situated employees may receive, without limitation, employment, reinstatement, promotion, the costs of this action, as well as a reasonable attorney's fee to be paid by the Defendants.

Prayer for Relief

WHEREFORE, Plaintiffs BRANTLEY, FLETCHER, POU, and STUART pray this Honorable Court for the following relief:

A. An order appointing Named Plaintiffs and their counsel of record to represent all other Uncompensated Employees;

B. An order conditionally certifying this case as a collective action;

C. An order declaring that the defendants willfully violated the overtime provisions of the Fair Labor Standards Act, as set forth in Count One;

D. An order that the Defendants be permanently enjoined from the improper activities and practices described herein;

F. Judgment against the Defendants, jointly and severally, in the amount of economic damages, compensatory damages, and liquidated damages to be determined at trial, pre-judgment interest, plus attorneys' fees, costs of this action, and any other relief this Honorable Court deems just and proper to award.

PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.

Respectfully submitted,

                            s/John P. Batson
JANUARY 20, 2014        JOHN P. BATSON (ID#042150)
                                P.O. BOX 3248
                                AUGUSTA, GEORGIA 30904-4459
                                (706) 737-4040 Fax 706-736-3391 jpbatson@aol.com
                                Attorney for Plaintiffs JOHNNY BRANTLEY,  GARY EDWARD FLETCHER, ROBERT M. POU, and BRANNON STUART