FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 NOV 13 PM 3:40

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JOHNNY BRANTLEY and ROBERT M.　*
POU,　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　Plaintiffs,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　1:14-cv-22
FERRELL ELECTRIC, INC. and　　　*
JAMES N. FERRELL,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　Defendant.　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*

_____

JASEN ADAMS,　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　Plaintiff,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　1:14-cv-181
FERRELL ELECTRIC, INC. and　　　*
JAMES N. FERRELL,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　Defendant.　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*

_____

ORDER

_____

Recent filings in the cases captioned above reveal
confusion as to the proper method for dismissing claims brought
pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C.
§§ 201-209.　In short, dismissal with prejudice requires a

stipulated judgment by this Court approving the terms of the parties' settlement.

The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of FLSA's minimum employee protections. Id. Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor and is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such an instance, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness."

Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

In order to dismiss this FLSA case with prejudice, the Court must approve the settlement for fairness. See id.; Bleecher v. Nightingale Nurses, LLC., No. 07-80378-CIV, 2010 WL 3834645, at *9 (S.D. Fla. Sept. 8, 2010).

> In the typical settled case, the district judge remains unaware of the terms of compromise, and the parties enforce the settlement agreement, if necessary, only through a separate action. The parties maintain the confidentiality of their compromise by submitting a stipulation for dismissal under Rule 41, Federal Rules of Civil Procedure. In an FLSA case, however, Lynn's Food requires the parties to obtain judicial approval of the compromise.

Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010). Therefore, the parties may not stipulate to dismissal of this case and will need to file a joint motion for approval of

settlement of this FLSA action. Considering the disagreement reflected in the recent status reports, we emphasize that any motion for approval should, at least ordinarily, be filed jointly. See Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1308 (11th Cir. 2013) ("it takes two (or more) to stipulate, and a judgment to which one side objects is not a stipulated one"); but see id. at 1308 n.3 (reserving decision on "whether a judgment approving an out-of-court agreement entered with the assistance of counsel is a stipulated judgment even if the attorney later objects").

The Court emphasizes that certain information is necessary to permit the Court to assess and approve the fairness of the settlement. First, it should be clear from the record that the parties are in fact engaged in a bona fide dispute as to FLSA coverage, the amount of overtime hours claimed, or other amounts due under the FLSA. See Lynn's Food, 679 F.2d at 1353 n.8, 1355.

Second, the parties should attach the settlement agreement to their joint motion. See Dees, 706 F. Supp. 2d at 1244. The Court will not seal the motion or the terms of the settlement, unless there are compelling reasons to justify sealing the record which outweigh the interest in public access. See Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1-2

(M.D. Ga. Dec. 23, 2011); Hens v. Clientlogic Operating Corp.,
No. 05-CV-381S, 2010 WL 4340919, at *2-3 (W.D.N.Y. Nov. 2,
2010); Dees, 706 F. Supp. 2d at 1245.

Third, the Court warns that a pervasive release in the
settlement agreement will be considered unfair and warrant
denial of the joint motion for approval of the settlement. The
release should be limited to FLSA liability.

Finally, in typical cases the motion must indicate the
amount of the settlement allocated to attorneys' fees and
whether the attorney's fees were agreed upon separately and
without regard to the amount paid to Plaintiff for back wages
and liquidated damages. This information is necessary because
the Eleventh Circuit has stated that:

> [The] FLSA requires judicial review of the
> reasonableness of counsel's legal fees to
> assure both that counsel is compensated
> adequately and that no conflict of interest
> taints the amount the wronged employee
> recovers under a settlement agreement. FLSA
> provides for reasonable attorney's fees; the
> parties cannot contract in derogation of
> FLSA's provisions.

Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009)
(affirming district court's rejection of forty percent
contingency fee agreement in settlement of FLSA case); see also
Martin v. Huddle House, Inc., No. 2:10-CV-082, 2011 WL 611625,
at *1 (N.D. Ga. Feb. 11, 2011) ("Part of this reasonableness

5

review may involve some scrutiny of the amount of fees to be paid to plaintiff's counsel."). The present case appears to be atypical because, according to the parties, the attorney's fees were not contemporaneously negotiated with the settlement, but were the subject of a separate arbitration. A decision in that arbitration was apparently reached on November 5, 2015. Though agreement on attorney's fees was reached through arbitration, the Court nevertheless instructs the parties to include the arbitral award with any settlement approval request filed in this Court. The parties should include legal authority concerning how the Court should review an arbitral award on attorney's fees as part of its Lynn's Food review.

Besides guidance on this issue, the parties' status reports request numerous other orders. Defendant, in essence, requests to stay this case until Plaintiff agrees to sign the stipulation of dismissal. Because any settlement must be approved by the Court a stay on those grounds is not warranted. Further, because the stay was entered to allow for mediation and arbitration, which have now concluded, there remains no reason for the stay. The parties appear prepared to seek approval of their settlement or otherwise continue with this case. Therefore, Defendant's request for a stay is **DENIED**. Both parties requested a status conference seeking guidance on the

subject matter of this order, which is now **DENIED**.  Also, as
mentioned above, Plaintiff's request to file the settlement
agreement under seal is **DENIED**.

ORDER ENTERED at Augusta, Georgia, this _13th_ day of
November, 2015.

_____

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA