IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JOHNNY BRANTLEY and ROBERT M. POU,

    Plaintiffs,

v.

FERRELL ELECTRIC, INC. and JAMES N. FERRELL,

    Defendant.

1:14-cv-22

ORDER

Based on recent filings in this case and a related case, <u>Adams v. Ferrell Electric, Inc.</u>, No. 1:14-cv-181, the parties, or at least their attorneys, appear to be mired in an acrimonious dispute over whether their case can be dismissed without filing a settlement publicly with the Court. (<u>See</u> Docs. 115-116, 121). On November 13, 2015, the Court clarified that to dismiss an action brought under the Fair Labor Standards Act, the parties must publicly submit their settlement for the Court's review and approval. (Doc. 120). In that Order, the Court included specific instructions regarding what information must be submitted for purposes of review and specifically noted that the parties should include the arbitral award on attorneys' fees. (<u>Id.</u> at 3-6). Further, the Court explained that it would not "seal the motion or the terms of the settlement, unless there are compelling reasons to

justify sealing the record which outweigh the interest in public access." (Id. at 4).

The Court believed its Order provided the originally requested clarity and expected the parties to promptly submit their settlement, but no settlement was forthcoming. Over two months later, Plaintiffs filed a status report alleging that "Defendants object to filing the settlement agreement except under seal" and that "Defendants have announced their intention to file a motion to file the settlement agreement under seal." (Doc. 121). Plaintiffs also alleged that Defendants threatened repercussions should Plaintiffs publicly file the settlement agreement. (Id.) Over two weeks have passed since Plaintiffs filed the status report, no settlement agreement has been filed by either party, and Defendants have not filed a motion to file the settlement agreement under seal. In essence, the parties have tied this case into a knot where Plaintiffs refuse to act because of either Defendants' threats or the terms of the agreement and Defendants refuse to act out of a misplaced desire for confidentiality.

The Court's review of the docket reveals two ways out. First, Defendants may untangle the knot themselves by filing a motion to submit the settlement agreement under seal, and explaining their authority for so requesting, or otherwise submit the settlement agreement for the Court's review. In the meantime, the Court will cut the knot itself by moving this case toward trial. Should

2

Defendants choose to file a motion, the Court will terminate the deadline for filing the proposed pretrial order.

Accordingly, **IT IS ORDERED** that lead counsel for the parties in the captioned case are instructed to meet and confer, in person, and prepare and file with the Clerk of this Court a joint consolidated proposed pretrial order. The proposed pretrial order shall be filed by the close of business on **WEDNESDAY, MARCH 16, 2016.** Counsel for **DEFENDANTS** shall have the responsibility to initiate compliance herewith. The form of the proposed pretrial order can be located at the Court's website www.gas.uscourts.gov under "District Court"/"Court Forms". A party's failure to comply with the requirements hereof may result in dismissal of the complaint or answer or in other sanctions determined appropriate by the Court.

The Court will not accept for filing pretrial orders which are not consolidated (proposed jointly) without the written permission of the Court.

The Court will not accept for filing any proposed pretrial order prepared only from telephone conversations. The proposed pretrial order shall include a paragraph stating the date and location of the meeting, the duration of the meeting, and the names of all counsel or parties participating.

If any party in this case is not represented by counsel, such party shall be obligated to comply with the requirements hereof in the same manner as counsel.

**IT IS FURTHER ORDERED** that this case will be scheduled by the Clerk for a pretrial conference. The actual date for the conference will be set by the Court following the filing of the proposed pretrial order. At the time of the pretrial conference, the Court will approve, disapprove, or direct amendment of the proposed pretrial order. Lead counsel for each party shall attend the pretrial conference.

All evidentiary objections and motions in limine, and responses thereto, which have not been resolved prior to the pretrial conference shall be submitted in writing at least **TWENTY (20) DAYS** prior to the scheduled pretrial conference. All responses thereto shall be submitted at least **TEN (10) DAYS** prior to the scheduled pretrial conference.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA