IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JOHNNY BRANTLEY and ROBERT M. POU,

    Plaintiffs,

v.

FERRELL ELECTRIC, INC., and JAMES N. FERRELL,

    Defendants.

1:14-cv-22

**O R D E R**

For the third time, this Court has become involved in the parties' attempt to settle this Fair Labor Standards Act case consistent with the requirements of <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 2002). (Docs. 117, 123.) This occasion, however, was of the Court's making. In its February 4, 2016 Order, the Court instructed Defendants to publicly file their settlement agreement, file a motion to submit the agreement under seal (including any authority permitting sealed FLSA settlements), or file a proposed pretrial order. (Doc. 123 at 2-3.) Defendants took the second option and moved to submit their settlement agreement under seal. (Defs.' Mot. to Seal, Doc. 124.) For the reasons below, the Court **DENIES** Defendants' motion.

The Eleventh Circuit has never stated whether FLSA settlements may be sealed. But most district courts in this Circuit have concluded that FLSA settlements should typically remain public

unless the parties can demonstrate an overriding interest justifying confidentiality.[1] Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010) provides the most detailed explanation of this view. In Dees, the district court explained that attempts to conceal an FLSA settlement are inconsistent with the public's right of access to a judicial proceeding. (Id. at 1244). Because a court's approval of an FLSA settlement constitutes a "public act," the district court reasoned that "the settlement agreement is presumptively a public record." (Id. at 1244-45). The district court, therefore, applied the Press-Enterprise test to determine whether the settlements should be sealed. Id. at 1245 (quoting Press-Enterprise Co. v. Superior

---

[1] See Hunter v. Big Daddy Foods, Inc., No. 2:15-cv-632, 2016 WL 900645, at *2 (M.D. Ala. Mar. 9, 2016); Barkley v. Pizza Hut of Am., Inc., No. 6:14-cv-376, 2016 WL 409611, at *2 (M.D. Fla. Feb. 3, 2016); Santiago-Valle v. Transition House, Inc., No. 6:15-cv-715, 2015 WL 9244681, at *1 (M.D. Fla. Dec. 18, 2015); Phipps v. W.W. Contractors, Inc., No. 3:12-cv-299, 2015 WL 5897705, at *4 (M.D. Fla. Oct. 7, 2015); Cantrell v. Bryan Cty. Bd. of Educ., 4:15-cv-169, 2015 WL 10057707, at *1 (S.D. Ga. Dec. 21, 2015); Guerra v. Flores, No. 4:14-cv-2470, 2015 WL 6082383, at *3 (N.D. Ala. Oct. 16, 2015); Briggins v. Elwood TRI, Inc., 3 F. Supp. 3d 1277, 1280 (N.D. Ala. 2014); Edwards v. Agrium Advanced Techs. (U.S.) Inc., No. 1:13-cv-00570, 2014 WL 1233702, at *1 (N.D. Ala. Mar. 25, 2014); Nichols v. Dollar Tree Stores, Inc., No. 1:13-cv-88, 2013 WL 5933991, at *1 (M.D. Ga. Nov. 1, 2013); Parker v. Encore Rehab., Inc., No. 12-00539, 2012 WL 6680311, at *4 (S.D. Ala. Dec. 21, 2012); Bright v. Mental Health Res. Ctr., Inc., No. 3:10-cv-427, 2012 WL 868804, at *3 (M.D. Fla. Mar. 14, 2012); Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011); Webb v. CBS Caremark Corp., No. 5:11-cv-106, 2011 WL 6743284, at *2 (M.D. Ga. Dec. 23, 2011); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010); Bartelloni v. DeCastro, No. 05-80910, 2007 WL 2155646, at *1 (S.D. Fla. July 26, 2007); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003). This view comports with recent scholarship in this field. See Elizabeth Wilkins, Silent Workers, Disappearing Rights, 34 Berkeley J. Emp. & Lab. L. 109, 134, n.120 (2013).

Court of Cal., 464 U.S. 501, (1984)) ("the district court must identify and articulate 'an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order was properly entered.'").

Defendants' motion cites cases where courts approved settlements under seal. (Doc. 124 at 5-6, Ex. A.) The Court does not find these cases persuasive. None of them provide legal reasoning supporting those courts' decisions to seal. Perhaps the courts permitting sealed settlements reason that most settlements are not filed with the court and remain confidential and believe that courts' Lynn's Food review should not change litigants' and courts' regular practice. Approving a settlement is, however, a "public act" undertaken by the Court, and "the public 'has an interest in knowing what terms of settlement a federal judge would approve.'" Dees, 706 F. Supp. 2d at 144-45 (quoting Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002)). Accordingly, the presumption that court records are public applies. Id. (citing Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)).

Parties can, of course, overcome that presumption. See Crabtree v. Volkert, Inc., No. 11-0529, 2013 WL 593500, at *5 (S.D. Ala. Feb. 14, 2013) ("In the Court's view, this is just such a case where the balance tips in favor of approving the parties'

3

settlement agreements, notwithstanding their inclusion of confidentiality provisions"); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (noting the possibility that a "compelling reason" could justify sealing an agreement). In their motion, Defendants explain that confidentiality was an essential component of the settlement because "Plaintiffs' counsel [has] had multiple similar claims pending in this Court against the Defendants, arising from similar allegations." (Defs.' Mot. to Seal ¶ 8.) They continue, "[s]hould the Plaintiffs inform each other or any of Defendants' past or present employees about the different terms contained within each of these Agreements, it would make settlement in any future or other pending action impossible" and would encourage frivolous litigation. (Id. ¶ 8-9.)

The Court does not find Defendants' reasons to seal this agreement persuasive. "Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal . . . ." Dees, 706 F. Supp. 2d at 1245. "Although perhaps both uncomfortable and expensive to an employer, vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster throughout the FLSA." Id. at 1244; see Elizabeth Wilkins, Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act, 34 Berkeley J. Emp. & Lab. L. 109, 125 (2013) (noting that courts readily dismiss these two arguments). Moreover, as district courts in this circuit have reasoned, "[t]he presumption that the record

4

of a judicial proceeding remains public 'is surely most strong when the right at issue is of a private-public character'" such as FLSA rights. Dees, 706 F. Supp. 2d at 1245 (quoting Stalnaker, 293 F. Supp. 2d at 1264). Thus, the Court finds that Defendants have not demonstrated "an overriding interest" that justifies sealing the settlement agreement. Press-Enterprise Co., 464 U.S. at 510.

In conclusion, the Court **DENIES** Defendants' motion to submit the parties' settlement agreement under seal. The parties shall have until **AUGUST 1, 2016** to jointly file their settlement agreement or their proposed pretrial order. Should the parties submit a settlement agreement, the Court reiterates the guidance provided in its November 13, 2015 Order. (Doc. 120); see also Cantrell v. Bryan Cty. Bd. of Educ., 4:15-cv-169, 2015 WL 10057707, at *2 n.1 (S.D. Ga. Dec. 21, 2015).

**ORDER ENTERED** at Augusta, Georgia, this 10th day of May 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
~~SOUTHER~~N DISTRICT OF GEORGIA