## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY BRANTLEY AND ROBERT POU, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE No. 1:14-cv-0022-JRH-BKE |
| v. | ) ) | |
| FERRELL ELECTRIC, INC. and JAMES N. FERRELL, | ) ) ) | |
| Defendants. | ) ) ) | |

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Ferrell Electric, Inc. and James N. Ferrell ("Defendants" herein) and Robert Pou ("Plaintiff" herein).

## RECITALS

WHEREAS, Plaintiff has filed a civil action against the Defendants in the U.S. District Court for the Southern District of Georgia, to wit: *Brantley, et al v. Ferrell Electric, Inc. and James N. Ferrell*, Civil Action No. 1:14-CV-22-JRH-BKE, and

WHEREAS, the Defendants individually and collectively deny any violations of law and denies any liability to Plaintiff in responses to the claims asserted in the litigation, but wishes to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a confidential manner that will avoid the need for further litigation,

_____
Plaintiff's Initials

1 of 7

Error! Unknown document property name.

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1.    **Consideration.**  The Defendants agree to pay Plaintiff the total sum of Seven Thousand Four Hundred and Fifty Dollars ($7,450.00) in consideration for Plaintiff's compliance with his confidentiality and other obligations under this Agreement.    This entire amount will be subject to all applicable statutory deductions in accordance with normal payroll procedures and a W-2 tax form will be issued to Plaintiff for that amount.

Plaintiff acknowledges that, but for the execution of this Agreement, he would not be entitled to receive this Consideration or other consideration provided for in this Agreement.

Plaintiff further agrees and acknowledges that the consideration stated herein fully compensates him for any and all alleged back wages, overtime wages, benefits or any other form of compensation, damages, attorneys' fees, and costs, and that he neither seeks nor is entitled to any further wages, pay, overtime, benefits or any other form of compensation or relief and the Defendants is making this payment to eliminate any possible dispute or doubt that he has been paid fully and completely.  The parties acknowledge the adequacy of Consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2.    **Dismissal of Lawsuit.**  Plaintiff is the Plaintiff in the case styled *Brantley, et al v. Ferrell Electric, Inc. and James N. Ferrell*, Civil Action No. 1:14-CV-22-JRH-BKE which is pending in the United States District Court for the Southern District of Georgia.  By executing this Agreement, Plaintiff and his counsel agree to the dismissal of the Lawsuit with prejudice. Plaintiff shall promptly execute such documents or appear in court as necessary to obtain a dismissal with prejudice of the Lawsuit.   Plaintiff must sign this Settlement Agreement and Release of All Claims and agree to dismissal with prejudice of the Lawsuit before the Defendants are obligated to make any payment set forth in Paragraph 1 above.  The Defendants agree to pay the monies owed under this Agreement into their lawyer's IOLTA account prior to the Plaintiff's filing his dismissal.

3.    **Attorney's Fees.**  The parties agree that the issue of an award of or amount of costs and attorney's fees, as sought in the Plaintiff's Complaint, shall be

Plaintiff's Initials

Error! Unknown document property name.

arbitrated by Neal Dickert, Esq. The parties recognize that Judge Dickert has previously served as mediator in this case, and the parties and undersigned counsel hereby waive any conflict, actual or apparent, that has arisen or may arise out of Judge Dickert's assumption of the role of arbitrator for this issue. The parties will make submissions and argument in accordance with the instructions provided by Judge Dickert within thirty (30) days from the date of this Agreement.

4. **Full and Complete Release.** In consideration for this Agreement, Plaintiff hereby settles, waives, releases and discharges all claims whatsoever against the Defendants, its officers, agents, employees, and assigns, and the other parties released (identified in paragraph 4 below) with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Plaintiff may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

      a.    arising from Plaintiff's employment with the Defendants;

      b.    based on discrimination, retaliation or harassment on the basis of age, race, religion, sex or disability under the Civil Rights Act of 1866, the Age Discrimination in Employment Act of 1967 (as amended), Title VII of the Civil Rights Act of 1964 (as amended), the Equal Pay Act, the Plaintiff Retirement and Income Security Act of 1974 (as amended), the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, the Fair Labor Standards Act, or any other federal, state or local laws or common laws;

      c.    based on any oral, written or implied contract, tort, promissory estoppel, or public policy; and

      d.    relating to any wages, pay, back pay, overtime, benefits or any other form of compensation, attorneys' fees consistent with those in Paragraph 3, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

    This Agreement does not release any right or claim which may arise after the date of this Agreement nor does it extend to vested benefits, if any.

Plaintiff's Initials

Plaintiff agrees not to sue or authorize anyone else to file a lawsuit on her behalf against the Defendants (or any of the released parties) on any claims released herein. Plaintiff further agrees not to become a member of any class suing the Defendants (or the other released parties) on any claims released herein. Nothing in the Agreement is intended to or prevents Plaintiff from filing a charge or complaint with the Equal Employment Opportunity Commission ("EEOC") or other governmental agency or from participating in any investigation or proceeding conducted by the EEOC or other governmental agency. Plaintiff agrees, however, not to accept or recover any damages or any other form of relief which may arise out of or in connection with any administrative proceedings pursued by Plaintiff, or pursued independently by the EEOC or any other person, agency or class on any claims released herein.

Plaintiff expressly acknowledges that, at the time this Agreement becomes effective, you have not filed any administrative charges or complaints of any kind against the Defendants (or any of the released parties).

5. **Parties Released.** Plaintiff acknowledges that this Agreement and the release provision in Paragraph 4 above apply to and protect in all respects the Defendants and each of the Defendants' past, current and future parent companies, affiliates, related companies, successors and assigns, officers, directors, agents, employees, and Plaintiffs of any such entity.

6. **Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiff and an authorized representative of the Defendants. This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiff and the Defendants regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

7. **Confidentiality.** Unless otherwise required by law or pursuant to court order, Plaintiff agrees to keep the subject matter of this Lawsuit, the existence of this Agreement, and the fact he received any money from the Defendants in connection with this Agreement absolutely confidential forever. Plaintiff represents that he has not disclosed the subject matter or terms of this Agreement or the amount of the Consideration at any time before execution of the Agreement. Plaintiff agrees not to discuss anything about this Agreement with anyone (other than any Plaintiff not previously terminated from this Lawsuit, his

Plaintiff's Initials

Error! Unknown document property name.

immediate family members and attorney or other adviser he consults for professional advice, and all such persons shall be apprised of the provisions of this paragraph and agree to be bound by them prior to making any disclosures to them), and Plaintiff will not authorize anyone to discuss anything about this Agreement, including all of the matters that she agreed to keep confidential. Notwithstanding this paragraph, he may disclose that she "dismissed his claim and decided to move on" or "the matter has been resolved."

Plaintiff acknowledges that this confidentiality clause is a material provision of this Agreement and if he breaches this clause, she must refund all money paid to him or paid on his behalf to others listed in Paragraph 1 above. The Defendants will insist on strict compliance with this clause and will vigorously seek to enforce it. If Defendants asserts a breach of this clause, the Defendants will seek not only repayment of the money set forth in Paragraph 1 above but its attorneys' fees (which are hereby provided for by the terms of this Agreement) and any other available relief. Plaintiff acknowledges that Defendants shall be entitled to collect any necessary and reasonable attorney's fees incurred in enforcing this confidentiality clause or upon breach of the same.

8.      **Non-Admissions.** This Agreement does not constitute an admission by any party to the Lawsuit that they have violated any law or statute and all parties specifically deny any such violation occurred.

9.      **Acknowledgment.**    By   signing   this   Agreement,   Plaintiff acknowledges and warrants that:

a.      Plaintiff has carefully read and fully understands every provision of this Agreement, including, without limitation, the confidentiality clause in Paragraph 6 above, the release of all claims listed in Paragraph 4 above and Plaintiff's agreement to file the necessary documents to dismiss the Lawsuit referenced in Paragraph 2 with prejudice;

b.      Plaintiff consulted with an attorney of his choosing before signing this Agreement;

c.      Plaintiff had a reasonable amount of time after receiving this Agreement to consider the Agreement and consult an attorney before signing; and

Plaintiff's Initials

Error! Unknown document property name.

    d.   Plaintiff accepts this Agreement knowingly and voluntarily, and she was not intimidated, coerced or pressured.

**10.**   **Representations.**  Plaintiff represents and warrants that he is fully authorized to execute this Agreement and that she has not assigned, transferred or pledged all or any portion of the claims hereby released.

**11.**   **Approval by the Court.**  The parties concede that this Agreement may be subject to approval by the Court in which the Lawsuit is pending. Nonetheless, the parties and their attorneys shall take whatever action is reasonably necessary to comply with the provision set forth in Paragraph 6, above.  This Agreement shall not be filed with any court except under seal or upon Court order.

**12.**   **Force Majeure.**  Should any provision of this Agreement be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision herein, and this Agreement shall be presumed valid and enforceable without said provision to the fullest extent allowable by law.

[SIGNATURES ON FOLLOWING PAGE]

Plaintiff's Initials

Error! Unknown document property name.

PLAINTIFF DECLARES THAT HE HAS CAREFULLY READ THIS
AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTANDS THIS
AGREEMENT, AND EXECUTES THIS AGREEMENT KNOWINGLY AND
VOLUNTARILY.

_____
Robert Pou, Plaintiff
8/17/2015

Agreed to and accepted by counsel to Plaintiff.

_____
John P. Batson, Atty. for Plaintiff
8/17/2015

Arthur Shealy, Atty. for Plaintiff
8/17/2015

**AND**

x_____
James N. Ferrell, individually
8/17/2015

_____
James N. Ferrell, as President of
Ferrell Electric, Inc.
8/17/2015

John R. B. Long, Atty. for Defendants

Plaintiff's Initials

7 of 7

**Error! Unknown document property name.**