## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

```
JOHNNY BRANTLEY and          *
ROBERT M. POU,               *
                             *
     Plaintiffs,             *
                             *
v.                           *
                             *          CV 114-022
FERRELL ELECTRIC, INC. and   *
JAMES N. FERRELL,            *
                             *
     Defendants.             *
                             *
                             *
```

```
JASEN ADAMS,                 *
                             *
     Plaintiff,              *
                             *
v.                           *
                             *          CV 114-181
FERRELL ELECTRIC, INC. and   *
JAMES N. FERRELL,            *
                             *
     Defendants.             *
                             *
                             *
```

## O R D E R

In these cases, Plaintiffs seek compensation for Defendants' violations of the Fair Labor Standards Act. Over a year ago, the parties attended mediation and reached a favorable settlement amount. Because this is an FLSA case, the parties are not permitted to compromise without court approval. Despite

repeated attempts, the parties have been unable to obtain court approval and finally resolve these cases. This time is no different. Upon consideration, the Court **DENIES** Defendants' motions for settlement approval (Brantley, doc. 138; Adams, doc. 56), **GRANTS** Plaintiffs' motions to consolidate (Brantley, doc. 134; Adams, doc. 52), **GRANTS** Plaintiff Jasen Adams's motion to compel (Adams, doc. 51), and **DENIES AS MOOT** Plaintiffs' motions to "disapprove" settlement (Brantley, docs. 131, 133; Adams, docs. 49, 50).

## I. Background

Plaintiffs Johnny Brantley, Gary Fletcher, Robert Pou, and Brannon Stuart filed Brantley v. Ferrell Electric, Inc., CV 114-022, as a putative collective action under the FLSA in January 2014. (Brantley, Doc. 1.) Eventually, Plaintiffs abandoned their attempt at a collective action and decided to pursue their claims individually. (Brantley, Docs. 35, 37.) The Court dismissed Mr. Fletcher's and Mr. Stuart's claims without prejudice in January 2015. (Brantley, Doc. 63.) Plaintiffs Jessie Swygert and Jasen Adams initiated Adams v. Ferrell Electric, Inc., CV 114-181, in September 2014 (Adams, doc. 1), and the Court dismissed Mr. Swygert's claims in July 2015 (Adams, doc. 33).

2

In June 2015, the Court extended all deadlines in these cases while the parties attended mediation. (Brantley, Doc. 114; Adams, Doc. 27.) Following mediation, the parties informed the Court that they had reached proposed compromises in both cases, but asked the Court to stay the cases while they arbitrated a dispute over attorneys' fees. (Brantley, Docs. 115, 116; Adams, Doc. 34.) The Court stayed both cases until November 9, 2015. (Brantley, Doc. 117; Adams, Docs. 35, 37.) Subsequently, Defendants informed the Court that all issues in the cases had been resolved, but Defendants opposed filing the signed settlement agreements with the Court for approval. (Brantley, Doc. 119; Adams, Doc. 39.) The Court responded by informing Defendants that it must approve FLSA settlements. (Brantley, Doc. 120; Adams, Doc. 40.) Defendants then moved to file the settlement agreements under seal because "[c]onfidentiality is an essential component" of the agreements. (Brantley, Doc. 124 at 3; Adams, Doc. 43 at 3.) Unpersuaded, the Court denied Defendants' motions to seal. (Brantley, Doc. 127; Adams, Doc. 46.)

In both cases, Plaintiffs have filed the proposed settlement agreements with the Court and request that the Court reject the agreements. (Brantley, Docs. 128, 130, 131, 133; Adams, Docs. 47, 48, 49, 50.) Defendants, on the other hand,

move for settlement approval. (<u>Brantley</u>, Doc. 138; <u>Adams</u>, Doc. 56.)[1]

## II. <u>Discussion</u>

**1. Defendants' Motions for Settlement Approval**

Defendants maintain that the settlement agreements should be approved and the claims dismissed. The Court disagrees. As the Court has repeatedly apprised Defendants, FLSA settlements must be approved as fair and reasonable by the Court before they are enforceable. See <u>Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor</u>, 679 F.2d 1350, 1353-54 (11th Cir. 1982). In the typical FLSA case, as part of its fairness examination, the Court must, among other things, ensure that proposed agreements do not contain confidentiality clauses or pervasive global releases.[2] See <u>Dees v. Hydradry, Inc.</u>, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); <u>Cantrell v. Bryan Cty. Bd. of Ed.</u>, No. CV 415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21,

---

[1] In <u>Brantley</u>, Defendants filed an amended motion for settlement approval. (<u>Brantley</u>, Doc. 138.) Accordingly, Defendants' original motion for settlement approval (<u>Brantley</u>, doc. 137) is **DENIED AS MOOT**.

[2] The Court notes that the Eleventh Circuit has declined to decide whether confidentiality clauses in FLSA settlements are per se unreasonable. See <u>Rodrigues v. CNP of Sanctuary, LLC</u>, 523 F. App'x 628, 629 (11th Cir. 2013).

2015) (rejecting a proposed settlement because it contained pervasive releases); Webb v. CVS Caremark Corp., No. 5:11-CV-106 (CAR), 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) ("Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." (citation omitted) (internal quotation marks omitted)).

Here, the settlement agreements all contain confidentiality clauses, and the Court has already denied Defendants' request to keep the agreements out of the public eye.[3] The agreements also contain global releases. Under these releases, each Plaintiff "settles, waives, releases and discharges all claims whatsoever against the Defendants . . . ." (Brantley, Docs. 128-1, 128-2, 128-3; Adams, Docs. 48-1, 48-2, 48-3.) As examples of released claims, the agreements list all claims arising out of the parties' employment relationship, claims based on discrimination, retaliation, and harassment, breach-of-contract

---

[3] The Court recognizes that by filing the agreements with the Court, the parties arguably waived the confidentiality provisions. Nevertheless, should the parties make another attempt at resolving these claims through settlement, the confidentiality provisions should be removed from the agreements before they are filed with the Court.

5

claims, tort claims, and FLSA claims.[4] (See, e.g., Brantley, Doc. 128-1.)

Although the Court has warned the parties that pervasive releases are not permitted in FLSA settlements, Defendants and their counsel unwaveringly take the position that the agreements are acceptable and enforceable. Referencing Georgia contract law, Defendants' motions assert that the agreements are enforceable because "the parties and their counsel had the capacity and assent to contract, the contract[s] provided for valuable consideration, and [] clear and unambiguous agreement[s] [were] reached, in writing, signed by all parties and counsel." (Brantley, Doc. 138 at 4; Adams, Doc. 56 at 3-4.) And in an e-mail responding to Plaintiffs' counsel's request to remove the pervasive language, Defendants' counsel stated:

> We will not agree to back off from or delete the global release[s] in the agreements, which I believe [are] independently enforceable with or without Court approval. That said, for purposes of settlement approval in these cases only I am open to any suggested language you may have to put in the joint motion. Alternatively, we could enter into a supplemental agreement for purposes of court approval, while keeping the underlying agreements in place . . . .

(Brantley, Doc. 133-1; Adams, Doc. 50-1.) Defendants' and their counsel's arguments represent a fundamental misunderstanding of the FLSA.[5]

---

[4] The first paragraph of each agreement also appears to contain pervasive language. (See, e.g., Brantley, Doc. 128-1 ¶ 1.)

6

Contrary to what Defendants may believe, court approval is not a negligible procedural requirement. Rather, it is an unavoidable prerequisite to the dismissal of an FLSA action and to the enforceability of an FLSA settlement agreement. In general, "'FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.'" Lynn's Food, 679 F.2d at 1352 (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 740 (1981)). As noted above, an employee may settle claims brought under the FLSA, but only if a district court — or the Department of Labor — approves the settlement as fair and reasonable. See

---

[5] Defendants' counsel's statement could also be interpreted as a proposed plan to skirt the law and the Court's clear directives. Giving Defendants' counsel the benefit of the doubt, the Court will assume that he did not intend his statement as such. But the parties and their counsel are warned that, not only are side-deal settlement agreements in this context not enforceable, they will not be tolerated by the Court.

While the majority of the Court's comments in this Order are directed at Defendants and their counsel, Plaintiffs and their counsel have not escaped scrutiny. The Court is fully aware that this settlement quagmire is as much a monster of Plaintiffs' counsel's creation as it is Defendants' counsel's. When they advised Plaintiffs to sign the settlement agreements in these cases, Plaintiffs' counsel were undeniably aware that FLSA settlements require court approval and that global releases are not permitted. Plaintiffs' counsel served as counsel in Barnes v. Ferrell Electric, Inc., CV 113-056. There, the parties attempted to stipulate dismissal under Federal Rule of Civil Procedure 41. This Court rejected that attempt, informed the parties that pervasive settlements are unacceptable in FLSA cases, informed them that sealing settlement agreements is typically not permitted, and directed them to file a motion to approve settlement, which they did. In fact, in this case, Plaintiffs' counsel cited Barnes in its filing that informed the Court that Defendants were not willing to jointly move for approval. (See Adams, Doc. 38.) Plaintiffs' counsel, therefore, advised their clients to sign agreements they knew would be unacceptable. Now, over a year later, their clients remain uncompensated and these matters linger on the Court's docket.

id. at 1353-55. Accordingly, "the release of an FLSA claim approved by neither the Department of Labor nor the district court remains unenforceable." Dees, 706 F. Supp. 2d at 1237-38. That is, an FLSA settlement between an employee and employer is enforceable only in a narrow circumstance: "If an employee sues his employer for back wages, if the parties propose a compromise that resolves a bona fide dispute and furthers the purpose of the FLSA, and if the district court approves the compromise, the employer obtains an enforceable release." Id. at 1238.

Because the agreements submitted to the Court contain confidentiality clauses and global releases, the Court **DENIES** Defendants' motions for settlement approval. The agreements signed by the parties remain unenforceable.

### 2. Plaintiffs' Motions to Consolidate

Plaintiffs request that the Court consolidate these cases under Federal Rule of Civil Procedure 42, which allows a district court to consolidate cases when they "involve a common question of law or fact . . . ." Fed. R. Civ. P. 42(a). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (citation omitted) (internal

quotation marks omitted). In exercising its discretion under Rule 42(a), the district court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 1495 (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)). Here, in both cases, Plaintiffs are pursuing claims under the FLSA against Defendants Ferrell Electric, Inc. and James Ferrell based on similar alleged violations. Moreover, the parties in both cases are represented by the same counsel. Accordingly, because these cases involve common questions of law and fact, Fed. R. Civ. P. 42, and because Defendants do not oppose consolidation, see LR 7.5, SDGa, the Court **GRANTS** Plaintiffs' motions.

## 3. Discovery and Plaintiff Jasen Adams's Motion to Compel

In Brantley, discovery closed in December 2014. (See Brantley, Doc. 49.) In Adams, however, when the Court stayed the case pending the parties' arbitration over attorneys' fees, nine days of discovery remained outstanding. (See Adams, Docs. 27, 35.) Accordingly, in Adams, following the expiration of the stay in November 2015, the parties continued to engage in discovery. Indeed, in August 2016, Mr. Adams moved to compel

the production of certain documents. (Adams, Doc. 51.) Defendants did not respond to this motion. The Court, therefore, **GRANTS** Mr. Adams's motion as **UNOPPOSED**. See LR 7.5, SDGa. Defendants must comply with this ruling by **November 4, 2016.** Discovery with respect to the claims brought in Adams will **OFFICIALLY CLOSE** on **November 14, 2016.**

**4. Trial Date and Pretrial Motions**

Because the parties have been unable to successfully resolve these claims through settlement, they will proceed to trial. Accordingly, the Court **ORDERS** that lead counsel for the parties meet and confer, in person, and prepare a joint, consolidated proposed pretrial order. The proposed pretrial order must be filed with the Court by **5:00 p.m.** on **November 30, 2016.** Counsel for Plaintiff has the responsibility to initiate compliance with this instruction.

The form for the proposed pretrial order can be located at the Court's website, www.gas.uscourts.gov, under "District Court"/"Forms." A party's failure to comply with the requirements of this Order may result in dismissal of the complaint or answer or other sanctions determined appropriate by the Court. The Court will not accept a proposed pretrial order prepared only from telephone conversations. The proposed pretrial order must include a paragraph stating the date and location of the meeting, the duration of the meeting, and the

names of all counsel or parties participating. Proposed pretrial orders that are not consolidated (proposed jointly) will not be accepted without prior permission from the Court.

All evidentiary objections and motions in limine that have not been resolved prior to the pretrial conference must be filed by **5:00 p.m.** on **December 2, 2016**. Responses must be filed by **5:00 p.m.** on **December 16, 2016**. The parties are **not permitted to file reply briefs** in support of their motions in limine.

The pretrial conference is scheduled for **Wednesday, January 4, 2017, at 10:00 a.m.** Jury selection and trial are scheduled for **Monday, January 9, 2017, at 9:00 a.m.** At the pretrial conference, the Court will take up any pending motions and approve, reject, or direct amendment of the proposed pretrial order. All exhibits (in digital format) and an exhibit list **must** be provided to the Court at the pretrial conference. Lead counsel for each party **must** attend the pretrial conference.

### III. Conclusion

For the reasons explained above, the Court **DENIES** Defendants' motions for settlement approval (Brantley, doc. 138; Adams, doc. 56). The Court **GRANTS** Plaintiffs' motions to consolidate (Brantley, doc. 134; Adams, doc. 52), and Jasen Adams's motion to compel (Adams, doc. 51). The Clerk is **DIRECTED** to **CONSOLIDATE** case number CV 114-181 into Brantley v.

11

Ferrell Electric, Inc., CV 114-022. All future motions must be filed in case number CV 114-022. Further, the Court **DENIES AS MOOT** Plaintiffs' motions to disapprove settlement (Brantley, docs. 131, 133; Adams, docs. 49, 50).

**ORDER ENTERED** at Augusta, Georgia this 28th day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA