**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| JOHNNY BRANTLEY AND ROBERT POU and JASEN ADAMS,<br><br>Plaintiffs,<br><br>v.<br><br>FERRELL ELECTRIC, INC. and JAMES N. FERRELL,<br><br>Defendants. | ) | CIVIL ACTION FILE No. 1:14-cv-0022-JRH-BKE |

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made by and between Ferrell Electric, Inc. and James N. Ferrell ("Defendants" herein) and Jasen Adams ("Plaintiff" herein).

## RECITALS

WHEREAS, Plaintiff has filed a civil action against the Defendants in the U.S. District Court for the Southern District of Georgia, to wit: *Brantley, et al v. Ferrell Electric, Inc. and James N. Ferrell*, Civil Action No. 1:14-CV-22-JRH-BKE, and

WHEREAS, the Defendants individually and collectively deny any violations of law and denies any liability to Plaintiff in responses to the claims asserted in the litigation, but wishes to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid the need for further litigation, and

WHEREAS, the Honorable J. Randal Hall reviewed the terms of this Agreement and determined them to be fair and reasonable on January 4, 2017.

JA
Plaintiff's Initials

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1. **Consideration.** The Defendants agree to pay Plaintiff the total sum of Three Thousand, Eight Hundred Fifty Dollars ($3,850.00) in consideration for Plaintiff's obligations under this Agreement. This entire amount will be subject to all applicable statutory deductions in accordance with normal payroll procedures and a W-2 tax form will be issued to Plaintiff for that amount.

Plaintiff acknowledges that, but for the execution of this Agreement, he would not be entitled to receive this Consideration or other consideration provided for in this Agreement.

Plaintiff further agrees and acknowledges that the consideration stated herein fully compensates him for any and all alleged back wages, overtime wages, benefits or any other form of compensation, damages, attorneys' fees, and costs, and that he neither seeks nor is entitled to any further wages, pay, overtime, benefits or any other form of compensation or relief and the Defendants is making this payment to eliminate any possible dispute or doubt that he has been paid fully and completely. The parties acknowledge the adequacy of Consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2. **Dismissal of Lawsuit.** Plaintiff is a Plaintiff in the case styled *Brantley, et al v. Ferrell Electric, Inc. and James N. Ferrell*, Civil Action No. 1:14-CV-22-JRH-BKE which is pending in the United States District Court for the Southern District of Georgia. By executing this Agreement, Plaintiff and his counsel agree to the dismissal of the Lawsuit with prejudice. Plaintiff shall promptly execute such documents or appear in court as necessary to obtain a dismissal with prejudice of the Lawsuit. Plaintiff must sign this Settlement Agreement and Release of All Claims, thereby agreeing to dismissal with prejudice of the Lawsuit, before the Defendants is obligated to make any payment set forth in Paragraph 1 above. The Defendants agree to pay the monies owed under this Agreement at the hearing on January 13, 2017.

3. **Attorney's Fees.** By agreement of all parties and counsel, the issue of an award of or amount of costs and attorney's fees incurred by Plaintiffs, for services rendered and costs incurred on or before November 6, 2015, as sought in the Plaintiff's Complaint, was arbitrated by Neal Dickert, Esq. Prior to the arbitration,

JRA
Plaintiff's Initials

the parties recognized that Judge Dickert had previously served as mediator in this case, and the parties and undersigned counsel waived any conflict, actual or apparent, that arose or may have arisen out of Judge Dickert's assumption of the role of arbitrator for this issue.

The parties hereby agree and stipulate that Judge Dickert's Arbitration Award of November 2015 constitutes a conclusive determination of the reasonableness of attorney's fees and costs incurred by Plaintiffs on or before November 6, 2015. The parties hereby stipulate and agree that the Honorable J. Randal Hall shall determine, at an evidentiary hearing on Friday, January 13, 2017 at 1:30 p.m., the sole remaining claim by Plaintiffs, as prevailing parties, for reasonable attorney's fees and costs incurred, if any, on or after November 7, 2015. While Defendants concede that Plaintiffs are the prevailing parties, they reserve the right to argue Plaintiffs are not entitled to recover any fees for work performed on or after November 7, 2015.

The parties shall exchange, on or before 5:00 p.m. on January 10, 2017, any and all exhibits, witness lists, and other documents to be introduced at the hearing on January 13, 2017. Neither party shall file any motions or other pleadings in advance of the hearing.

4. **Release.** In consideration for this Agreement, and except as provided in Paragraph 3, Plaintiff hereby settles, waives, releases and discharges all claims whatsoever against the Defendants, its officers, agents, employees, and assigns, and the other parties released (identified in paragraph 4 below) with respect to the Fair Labor Standards Act, or relating to any claims raised in this Lawsuit including any wages, pay, back pay, overtime, benefits or any other form of compensation, attorneys' fees consistent with those in Paragraph 3, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

This Agreement does not release any right or claim which may arise after the date of this Agreement nor does it extend to vested benefits, if any.

Plaintiff agrees not to sue or authorize anyone else to file a lawsuit on her behalf against the Defendants (or any of the released parties) on any claims released herein. Plaintiff further agrees not to become a member of any class suing the Defendants (or the other released parties) on any claims released herein.

5. **Parties Released.** Plaintiff acknowledges that this Agreement and the release provision in Paragraph 4 above apply to and protect in all respects the

Plaintiff's Initials

Defendants and each of the Defendants' past, current and future parent companies, affiliates, related companies, successors and assigns, officers, directors, agents, employees, and Plaintiffs of any such entity.

6. **Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiff and an authorized representative of the Defendants. This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiff and the Defendants regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral, including the settlement agreements signed on August 17, 2015.

7. **Non-Admissions.** This Agreement does not constitute an admission by any party to the Lawsuit that they have violated any law or statute and all parties specifically deny any such violation occurred.

8. **Acknowledgment.** By signing this Agreement, Plaintiff acknowledges and warrants that:

a. Plaintiff has carefully read and fully understands every provision of this Agreement, including, without limitation, the release of claims listed in Paragraph 4 above and Plaintiff's agreement to file the necessary documents to dismiss the Lawsuit referenced in Paragraph 2 with prejudice;

b. Plaintiff consulted with an attorney of his choosing before signing this Agreement;

c. Plaintiff had a reasonable amount of time after receiving this Agreement to consider the Agreement and consult an attorney before signing; and

d. Plaintiff accepts this Agreement knowingly and voluntarily, and she was not intimidated, coerced or pressured.

9. **Representations.** Plaintiff represents and warrants that he is fully authorized to execute this Agreement and that she has not assigned, transferred or pledged all or any portion of the claims hereby released.

10. **Approval by the Court.** The parties jointly sought and obtained Court approval of this Agreement on January 4, 2017.

JRA
Plaintiff's Initials

11. **Force Majeure**. Should any provision of this Agreement be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision herein, and this Agreement shall be presumed valid and enforceable without said provision to the fullest extent allowable by law.

[SIGNATURES ON FOLLOWING PAGE]

PLAINTIFF DECLARES THAT HE HAS CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTANDS THIS AGREEMENT, AND EXECUTES THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

______________________________
Jasen Adams, Plaintiff
Date: 1/10/17

______________
Plaintiff's Initials

Agreed to and accepted by counsel to Plaintiff.

John P. Batson, Atty. for Plaintiff
Date: Jan 10, 2017

Arthur Shealy, Atty. for Plaintiff
Date: 1/13/17

**AND**

James N. Ferrell, individually
Date: 1-13-17

as its president
James N. Ferrell, as President of
Ferrell Electric, Inc.
Date: 1-13-17

John R. B. Long, Atty. for Defendants
Date: 1/10/17

Plaintiff's Initials